# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MANUEL GARCIA,

    Plaintiff

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant

Case No.: 2:18-cv-02226-WGC

**Order**

Re: ECF No. 31

Before the court is the Commissioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 31.) Plaintiff filed a response. (ECF No. 32.) The Commissioner filed a reply. (ECF No. 35.)

After a thorough review, the Commissioner's motion is granted, and the judgment is amended to reflect that the matter will be remanded for further proceedings instead of for the calculation and award of benefits.

## **I. BACKGROUND**

This action was originally assigned to District Judge James C. Mahan and Magistrate Judge George Foley, Jr. After the filing of the dispositive motions, due to Magistrate Judge Foley's retirement, the action was reassigned to Magistrate Judge Elayna J. Youchah on August 8, 2019. On October 16, 2019, the case was reassigned to the undersigned as magistrate judge. Following the consent of the parties, on January 23, 2020, the case was assigned to the undersigned for all purposes.

On April 26, 2015, Plaintiff protectively completed an application for disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability beginning September 1, 2012. (Administrative Record (AR) 173-174.) The application was denied initially and on reconsideration. (AR 82-86, 92-96.) Plaintiff had a hearing before an administrative law judge (ALJ) on June 8, 2017. (AR 30-46.) On November 1, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 13-25.) Plaintiff requested review and the Appeals Council denied the request making the ALJ's decision the final decision of the Commissioner. (AR 1-3.)

Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). Plaintiff filed a motion to remand, arguing that the ALJ failed to articulate specific and legitimate reasons supported by substantial evidence for rejecting the two-hour stand/walk limitation assessed by examining physician, Adrian Adrian, M.D. (ECF No. 19.) The Commissioner filed a cross-motion to affirm and opposition to Plaintiff's motion, arguing that the ALJ appropriately discounted the two-hour stand/walk limitation. (ECF Nos. 20, 21.)

On March 16, 2020, the court issued an order on the motions. The court concluded that the ALJ's reason for discounting the opinion of the examining physician was not supported by substantial evidence because the longitudinal record did in fact support the two-hour stand/walk limitation. (ECF No. 29.)

The court then addressed whether the matter should be remanded for further proceedings or for the calculation and award of benefits. Plaintiff argued that Dr. Adrian's opinion should be credited and that he should be awarded benefits because if he is limited to standing for two-hours in an eight-hour workday, he is limited to sedentary work. By the time of the hearing, he was 51 years old, and so Plaintiff asserted that he was deemed disabled under the Grids, 20 C.F.R. § 404, subpart P, Appendix, Rule 201.14. The Commissioner did not include any argument as to

whether Plaintiff was limited to sedentary work if Dr. Adrian's restrictions were credited, and also failed to address whether the matter should be remanded for further proceedings or for the calculation and award of benefits. The court then went through the "credit-as-true" analysis. The court determined, among other things, that since the Commissioner did not dispute that Plaintiff would be limited to sedentary work and would be found disabled under the Grids, the matter should be remanded for the calculation and award of benefits. (ECF No. 29.)

The Commissioner now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), to correct manifest errors or law and fact upon which the judgment was based. The Commissioner acknowledges that the argument about meeting the Grid rule in question was not addressed, but argues that Plaintiff is not limited to sedentary work, and asserts the record contains no evidence regarding whether he has skills that would transfer from his past relevant work to other work in the national economy. In addition, the Commissioner asserts that even if Plaintiff were limited to sedentary work, he did not turn 50 until June of 2015, and his alleged onset date was September 2012; therefore, the Grid rule in question would not have applied for a considerable portion of the period in question.

Plaintiff opposes the motion, arguing that the Commissioner may not use Rule 59(e) to raise arguments that could have been made prior to the entry of judgment.

## **II. DISCUSSION**

A party may file a motion to alter or amend a judgment no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)). A 59(e) motion may be granted based on four grounds: "1) the motion is

'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law." *Id.*

Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing 12 James Wm. Moore et. al., Moore's Federal Practice § 59.03[4] (3d ed. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 229 F.3d at 890.

First, the Commissioner argues that even if Plaintiff is limited to stand/walking for two-hours in a workday, this does not limit him to only sedentary work. Instead, the Commissioner contends that because Plaintiff could still lift/carry 10 pounds frequently and 20 pounds occasionally, his RFC would fall between two exertional levels: sedentary and light.

Plaintiff argues that the Commissioner could have raised this argument in the response to Plaintiff's motion.

Second, the Commissioner argues that while Plaintiff would be incapable of performing his past relevant work as a blackjack dealer with the stand/walk limitation, it is not clear whether he has skills that were transferrable to other work at step five.

Plaintiff admits that there is an unanswered question of the transfer of skills at step five; however, Plaintiff argues he cannot perform his past light work, and the burden shifted to the Commissioner to find alternative work he could perform. The ALJ found Plaintiff could perform his past relevant work, and made an alternative step five finding that failed to assess transferable skills.

1	Third, the Commissioner asserts that even if Plaintiff were limited to sedentary work, he
2	was not disabled under the Grids from his alleged onset date of September 2012 until June 2015,
3	when he changed age categories.

4	Plaintiff asserts that the court found him disabled under Rule 201.14, and therefore, found
5	him disabled as of June 28, 2015, when he turned 50.

6	Preliminarily, this briefing could have been avoided had the Commissioner raised these
7	arguments in the cross-motion and opposition in the first place. Nevertheless, the court is in a
8	position where there are arguments the Commissioner could have raised earlier, but at least one
9	of the arguments also reveals that the court's determination was based on an error of law, which
10	is a basis for amending the judgment under Rule 59(e).

11	Specifically, the court accepted Plaintiff's proposition, which the Commissioner
12	unfortunately did not address in earlier filings, that he was limited to sedentary work if he was
13	restricted to two hours of standing/walking in a workday. Based on this proposition, the court
14	found Plaintiff was disabled under Grid Rule 201.14, which pertains to an individual limited to
15	sedentary work who is closely approaching advanced age (50 or over), has a high school
16	education that does not provide for direct entry into skilled work, and past relevant work that was
17	semi-skilled or skilled, but has no transferrable skills. It was not correct, however, that Plaintiff
18	was necessarily limited to sedentary work based on Dr. Adrian's restriction.

19	The Agency classifies jobs as sedentary, light, medium, heavy and very heavy. 20 C.F.R.
20	§ 404.1567.

> Sedentary work involves lifting no more than 10 pounds at a time, and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if

> walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal walking or standing, *or when it involves sitting most of the time with some pushing and pulling of arm or leg contro*ls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. 404.1567(b)(emphasis added).

Since Plaintiff could do a job sitting most of the time, and could still satisfy the lifting requirements of light work and there were no restrictions on pushing or pulling with the upper or lower extremities, he is between the sedentary and exertional levels. In other words, it is possible he is not limited to only sedentary work, but could perform a reduced range of light work, and there may be light jobs that Plaintiff could perform.

Therefore, the court agrees with the Commissioner than instead of being remanded for the calculation and award of benefits, this matter should be remanded to the ALJ for further proceedings. The ALJ should account for Dr. Adrian's two-hour stand/walk limitation, and consult a vocational expert to determine whether other jobs exist in significant numbers in the national economy that Plaintiff could perform, or whether Plaintiff should be considered disabled under Rule 201.14. The inquiry of disability under Rule 201.14 will require the ALJ to consider transferability of skills. In addition, if Plaintiff were to be found disabled under Rule 201.14, it would only apply as of June 28, 2015, when he turned 50.

While the Commissioner could have raised these arguments earlier, the court erroneously relied on Plaintiff's representation that he was limited to sedentary work if Dr. Adrian's restrictions were credited. In social security cases, in determining whether a matter should be remanded for further proceedings or for calculation and award of benefits, the court is required to consider whether there are other issues that must be resolved before a disability determination can be made, and whether there is any doubt as to disability. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Commissioner's motion has demonstrated that there are other issues that need to be resolved before a disability determination can be made; therefore, it is appropriate to grant the Commissioner's Rule 59(e) motion.

### III. CONCLUSION

The Commissioner's motion under Rule 59(3) is **GRANTED**. The judgment is amended such that the matter is no longer remanded for the calculation and award of benefits, but is remanded for further proceedings so that the ALJ can evaluate Plaintiff's disability claim taking into account the two-hour stand/walk limitation of Dr. Adrian. The ALJ should consider whether there is other work that exists in the national economy that Plaintiff could perform at step five or whether Plaintiff is disabled under Rule 201.14 (which should in turn consider transferability of skills and the date Plaintiff turned 50).

**IT IS SO ORDERED**.

Dated: August 18, 2020

William G. Cobb
United States Magistrate Judge